**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

GREGORY CHARLES JONES,

Plaintiff,

v.

Case Number 1:25-cv-14033
District Judge Michael C. Martin
Magistrate Judge David R. Grand

COUNTY OF OAKLAND,
OAKLAND COUNTY SHERIFF'S OFFICE,
AND JOHN DOE OFFICERS 1-10,

Defendants.
_______________________________________/

**OPINION AND ORDER GRANTING THE APPLICATION TO PROCEED *IN FORMA PAUPERIS*, PARTIALLY DISMISSING THE CASE, AND DENYING THE MOTION TO APPOINT COUNSEL**

Gregory Charles Jones, a former inmate at the Oakland County Jail in Pontiac, Michigan, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff sues multiple defendants for violations of his constitutional rights arising from his arrest and confinement at the jail. Because Plaintiff fails to state a claim for relief against one of the defendants, the Oakland County Sherriff's Office, the Court will partially dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further grants the application to proceed *in forma pauperis* and denies the motion to appoint counsel.

## I. STANDARD

Along with his complaint, Plaintiff filed an application to proceed without prepayment of the filing fee. (ECF No. 2.) The Court has reviewed Plaintiff's application and finds that he demonstrated the required showing of indigence. *See* 28 U.S.C. § 1915(a)(1).

When a court grants an application under 28 U.S.C. § 1915, it has an additional responsibility: screen the complaint and decide whether it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). In deciding whether a complaint states a claim upon which relief may be granted, the Court must determine whether it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*,668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A pro se litigant's complaint is to be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But that leniency is "not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d

138, 141 (2d Cir. 2019)). A complaint must "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must assume a plaintiff's factual allegations are true, but it is not required to accept as true allegations that are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 430 (6th Cir. 2009) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Nor may the Court "conjure up unpleaded facts to support conclusory allegations." *Williams*, 2022 WL 2966395, at *2 (quoting *Perry v. UPS*, 90 F. App'x 860, 861 (6th Cir. 2004)).

## II. BACKGROUND

Plaintiff alleges that in November 2024, he was arrested and transported to the Oakland County Jail. (ECF No. 1, PageID.2.) He states that upon his arrival he was strip searched and officers "punched, kicked, and verbally degraded [him]." (*Id.*) Plaintiff was housed in a cold cell and strip searched a second time. (*Id.*) He sought medical attention due to "chest pain, shaking, numb hands, and trauma" and was denied care despite defendants' knowledge that he suffers from heart disease, lung disease, lung cancer, PTSD, and acute anxiety disorder. (*Id.* at PageID.3.) He alleges that defendants John Does 1-10 exercised excessive force, acted with deliberate indifference to his serious medical needs, subjected him to inhumane conditions, and violated his rights under the Americans with Disabilities Act (ADA). He further alleges that defendant Oakland County maintains practices of

permitting excessive force, conducting abusive strip searches, failing to properly train employees, ignoring medical needs, and failing to maintain tolerable cell conditions. (*Id*. at PageID.4.)

## III. SCREENING

The complaint is subject to partial dismissal because Defendant Oakland County Sheriff's Department "is not a legal entity subject to suit." *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991). Indeed, a county sheriff's department is "simply an agency of the county," not a "separate legal entity." *Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995). Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled that county jails, sheriff departments, and other governmental agencies are not legal entities subject to suit under § 1983. *See Cage v. Kent Co. Corr. Facility*, No. 96-1167, 1997 WL 225647, *1 (6th Cir. May 1, 1997) (affirming the dismissal of prison building); *Harrison v. Mich.*, 722 F.3d 768, 771 (6th Cir. 2013) (discussing case law establishing that government departments and agencies are not persons or legal entities subject to suit under § 1983); *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (police department is not a proper defendant under § 1983); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (sheriff's department cannot be

sued under § 1983). Consequently, Plaintiff's claims against the Oakland County Sheriff's Department are dismissed with prejudice.

The Court concludes that remaining claims against Defendants Oakland County and Officers John Does 1-10 are not subject to dismissal at this stage and survive screening of the complaint.

## IV. MOTION TO APPOINT

Plaintiff also filed a motion to appoint counsel. (ECF No. 3.) He asserts that he needs counsel because he is indigent, his case is legally complex, and he suffers from disability.

"Appointment of counsel in a civil case is not a constitutional right." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Instead, the decision to appoint counsel is within the discretion of the court. *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). And it is "the rare civil case in which a court must provide a party an attorney, and only 'exceptional circumstances' require deviating from this rule." *See Cavin v. Mich. Dep't of Corr.*, 927 F.3d 455, 461 (6th Cir. 2019) (citing *Lavado*, 992 F.2d at 606).

At this stage of the litigation, where the Court has partially dismissed a defendant, and the remaining defendants have yet to be served, the Court finds no exceptional circumstances to warrant appointment of counsel. Plaintiff has shown

his ability to present the case before the Court by filing the complaint and this motion. The Court denies the motion to appoint counsel at this time.

## V. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's claims against the Oakland County Sheriff's Department are **DISMISSED WITH PREJUDICE**, and the Oakland County Sheriff's Department is terminated as a party to this action. The remaining claims against Defendants Oakland County and Officers John Does 1-10 survive screening of the complaint.

It is further **ORDERED** that Plaintiff's application to proceed without prepaying fees or costs (ECF No. 2) is **GRANTED**.

It is further **ORDERED** that the motion to appoint counsel is **DENIED** (ECF No. 3).

**IT IS SO ORDERED**.

s/Michael C. Martin
MICHAEL C. MARTIN
United States District Judge

Dated: October 23, 2026